JS 44 (Rev. 12/07)

EL

# CIVIL COVER SHEET

12-CV-4943

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

12 4943

**I. (a) PLAINTIFFS**
JENNIFER GALLAHER

(b) County of Residence of First Listed Plaintiff: Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jason M Rettig, 100 W Monument Ave,Hatboro, PA 19040, (267) 879-9054

**DEFENDANTS**
COMMERCIAL RECOVERY SYSTEMS, INC.and NICKI BOWSE and LANA CARTER

County of Residence of First Listed Defendant: Dallas (TX)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 USC 1692, et seq.
Brief description of cause:
Abusive and Unlawful Debt Collection

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
08/28/2012

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jason M Rettig

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

AUG 23 2012

EL UNITED STATES DISTRICT COURT 12 4943

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Jennifer Gallaher, 164 Yaught Club Dr, Greentown, PA 18426

Address of Defendant: Commercial Recovery Systems, Inc, 8035 East R. L Thornton, Suite 200, Dallas TX 75357

Place of Accident, Incident or Transaction: Greentown, Wayne County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases 15 USC, et seq
11. ☒ All other Federal Question Cases Abusive and Unlawful Debt Collection
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ______ ______ Attorney-at-Law ______ Attorney I.D.#

AUG 2 3 2012

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 8/21/12 Jason M Rettig Attorney-at-Law PA BAR:200948 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

JENNIFER GALLAHER : CIVIL ACTION

v. : 12 4943

COMMERCIAL RECOVERY SYSTEMS, INC and NICKI BOWSE and LANA CARTER : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 8/21/12 | Jason M Rettig | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 879-9054 | 866-861-1390 | rettiglaw@yahoo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 23 2012





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER GALLAHER,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC. and NICKI BOWSER and LANA CARTER,<br><br>Defendants. | ) | No. 12 4943 |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES JENNIFER GALLAHER ("Plaintiff"), by her attorneys, and alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. and NICKI BOWSE and LANA CARTER (collectively "Defendants"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendants conduct business in the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

**PARTIES**

5. Plaintiff is a natural person residing in Greentown, Wayne County, Pennsylvania.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendants are debt collectors as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

8. Defendant COMMERCIAL RECOVERY SYSTEMS, INC. is a national corporation with a business office located in Dallas, Texas.

9. Plaintiff is informed and believes, and thereon alleges, that Defendants NICKI BOWSER and LANA CARTER are persons who sought to collect a debt from Plaintiff and have an office located in Dallas, Texas.

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. Defendant are debt collectors in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

**FACTUAL ALLEGATIONS**

12. Defendants are seeking payment for an alleged deficiency balance on a car loan originally obtained through HSBC. The vehicle was repossessed in 2005 and Plaintiff's credit report reflects that this debt was charged off by the original creditor in 2008.

13. In approximately December 2011, Defendant began placing collection calls to Plaintiff at her home to collect on the alleged deficiency balance on the repossessed vehicle. Upon information and belief, Defendant first called Plaintiff on her home number, 315-285-5229, but Plaintiff did not answer because she did not recognize the number and Defendant did not leave any messages.

14. Defendant's collector, who identified herself as Lana Carter, proceeded to call Plaintiff's father, Frederico Guzman. Carter spoke to Guzman and left a call back number of (800) 514-5371. Carter told Guzman that there a case against Plaintiff that would be filed on January 13, 2012 if she did not pay.

15. Thereafter, Carter spoke to Plaintiff at her home and requested payment before "a court date on 13 January 2012." Carter told Plaintiff she was a "mediator;" that she was collecting on an HSBC deficiency balance from 2005; that she had a case number on Plaintiff of F3036132; that Defendant was filing a suit by "13 January 2012"; and that they would garnish wages and take collateral, which would be Plaintiff's current cars.

16. Carter also said Defendant was "going after" Plaintiff's husband's wages.

17. Soon thereafter, Defendant Nicky Bowser ("Bowser") left a voicemail message on Plaintiff's phone stating that there was an "affidavit of complaint pending" against Plaintiff to be brought "per the State of New York" and that unless Plaintiff returns the call, Bowser will be "forced to go ahead and make a recommendation to have a writ of garnishment brought" against Plaintiff. *See* transcription of voicemail as Exhibit "A" hereto.

18. In the recording, Bowser failed to disclose that the call was from a debt collector or that it was an attempt to collect a debt.

19. In the recording, Bowser failed to meaningfully or truthfully disclose the identity of the caller or the purpose of the call.

20. In the recording, Bowser threatened or implied legal action or garnishment against Plaintiff which could not be taken as Defendant has not obtained a judgment or other court order enabling it to take such action.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692c(b)* of the FDCPA by making the unauthorized third party disclosure of telling Plaintiff's father that Defendant would be filing a lawsuit against Plaintiff if she did not pay Defendant;

b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt;

c. Defendant violated *§1692d(6)* of the FDCPA by placing calls to Plaintiff without meaningful disclosure of the caller's identity;

d. Defendant violated *§1692e(1)* of the FDCPA by making the false representation to Plaintiff that Defendant was vouched for or affiliated with the State of New York;

e. Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's wages if she did not pay Defendant when such action was not lawful nor did Defendant intend to take such action;

f. Defendant violated *§1692e(5)* of the FDCPA by threatening to sue Plaintiff by

January 13, 2012 if she did not pay Defendant, when Defendant did not intend such action .

g. Defendant violated *§1692e(5)* of the FDCPA by threatening to garnish Plaintiff's husband's wages and take collateral, when Defendant cannot take and/or did not intend such action.

h. Defendant violated *§1692e(11)* by failing to disclose in communications with Plaintiff that it was a debt collector and that the communications were for the purposes of collecting a debt.

WHEREFORE, Plaintiff, JENNIFER GALLAHER, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*
24. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:____________________

Jason M Rettig, Esquire
100 W Monument Ave
Hatboro, PA 19040
Phone :(267) 879-9054
E-mail: rettiglaw@yahoo.com
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, JENNIFER GALLAHER, demands a jury trial in this case.

EL

AO 458 (Rev. 01/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

JENNIFER GALLAHER
*Plaintiff*
v.
COMMERCIAL RECOVERY SYSTEMS, INC. and NI
*Defendant*

Case No. 12 4943

## APPEARANCE OF COUNSEL

To: The clerk of court and all parties of record

I am authorized to practice in this court, and I appear in this case as counsel for:

Plaintiff, JENNIFER GALLAHER .

Date: 8/21/12

*Attorney's signature*

Jason M Rettig - 200948
*Printed name and bar number*

100 W Monument Ave
Hatboro, PA 19040
*Address*

rettiglaw@yahoo.com
*E-mail address*

(267) 879-9054
*Telephone number*

(866) 385-1408
*FAX number*